165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lana S. NEAL, Defendant-Appellant.
 No. 98-1834.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998.*
Decided Nov. 9, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 96-CR-40101. J. Phil Gilbert, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 A jury found Lana Neal guilty of one count of conspiracy to distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and the district court sentenced her to 78 months' imprisonment Neal's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she considers an appeal to be without merit or possibility of success. Neal was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), which she has done. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Counsel identifies two possible grounds that could be raised on appeal but that would be frivolous. First, Neal could argue that the jury had insufficient evidence with which to find her guilty of conspiracy to distribute and possess methamphetamine. When reviewing a conviction for sufficiency of the evidence, "[w]e review all the evidence in the light most favorable to the Government," United States v. Emerson, 128 F.3d 557, 560 (7 th Cir.1997), and we will reverse only when there is no evidence from which a trier of fact could find guilt beyond a reasonable doubt. Id. "We will not reweigh the evidence or reevaluate the credibility of witnesses." United States v. Kellum, 42 F.3d 1087, 1091 (7 th Cir.1994).
 
 
 3
 We agree with counsel that this claim would be frivolous. To establish a conspiracy to distribute and possess with the intent to distribute methamphetamine under 21 U.S.C. § 846, the government must prove that two or more persons entered into an agreement to possess and distribute methamphetamine, and that the defendant charged with conspiracy was a party to the agreement. See United States v. Testa, 33 F.3d 747, 750 (7 th Cir.1994). Towards this end, the government in this case presented the testimony of Steven and Marilyn Sadler and Faith Ann Jones, all of whom stated that Neal and her co-defendant husband, Tommy Neal, repeatedly sold them methamphetamine. From this testimony, the jury reasonably could have concluded that Neal and her husband entered into an agreement to distribute and possess with the intent to distribute methamphetamine, and that Neal was a party to this agreement.
 
 
 4
 Counsel identifies as a second non-meritorious basis of appeal a claim that the district court improperly increased Neal's base offense level by two levels pursuant to United States Sentencing Guideline § 2D1.1(b)(1) for possessing a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). In fact, Neal does raise this argument in her Rule 51(a) response, wherein she contends that the adjustment was improper because (a) she was she unaware of the guns; (b) they were not used during and in relation to a drug trafficking offense; and (c) they were not "carried" within the meaning of § 924(c). These arguments lack merit. At trial, the government introduced a tape recording of a transaction between Neal and Marilyn Sadler (who at that time was working as a confidential source for the FBI), reflecting Neal's knowledge of the firearms, her participation in their sale, and her contemporaneous acceptance of money from Sadler for both the firearms and methamphetamine. The court also heard testimony about a conversation between Neal, her son, and a woman named Stacy Burke regarding the money received from Sadler And at sentencing, the court heard testimony concerning a conversation between Neal, her son, and the Sadlers indicating that Neal would be involved in the delivery of the guns to the Sadlers. From this collective testimony, the sentencing court reasonably could have concluded that Neal knew of the guns and that the guns were possessed during and in relation to a drug trafficking crime. See United States v. Hall, 101 F.3d 1174, 1176 (7 th Cir.1996) ("Although a district court's interpretation of the Sentencing Guidelines is reviewed de novo, its findings of fact at sentencing are reviewed for clear error."). As for Neal's contention that she did not possess the guns within the meaning of § 924(c) because they were contained in the trunk of the car in which she was a passenger and thus were not readily accessible, this court repeatedly has rejected this argument. See Wilson v. United States, 125 F.3d 1087, 1091 (7 th Cir.1997). United States v. Molina, 102 F.3d 928, 932 (7 th Cir.1996).
 
 
 5
 Neal raises four additional arguments in her response to counsel's Anders brief. First, Neal contends that her attorney "abandoned" her by refusing to file an appellate brief on her behalf. This argument is frivolous because Neal's counsel had no duty to make arguments on her behalf that lack merit. Moreover, counsel filed a motion to withdraw accompanied by a brief "referring to anything in the record that might arguably support the appeal." See Anders, 386 U.S. at 744. Based on these submission and Neal's own Rule 51(b) response, this court then fully examined the proceedings to determine whether there were any non-frivolous issues for appeal. Id. This procedure ensured that Neal was not legally abandoned by her attorney.
 
 
 6
 Second, Neal similarly claims that her attorney rendered ineffective assistance of counsel by refusing to file an appeal on her behalf after advising her that a plea of innocent would not compromise her right of appeal. This claim is not so much a Sixth Amendment right to effective counsel claim as a reiteration of the abandonment argument disposed of in the preceding paragraph. Accordingly, for the reasons stated above, this argument is frivolous.
 
 
 7
 Third, Neal contends that her Fourth and Fifth Amendment rights were violated because law enforcement officials failed to inform her of her Miranda rights on November 26, 1996, when a Drug Enforcement Agent stopped her car and asked her to come to police headquarters to give a statement concerning her son, Tony Neal. There is no merit to this argument because Neal was not in police custody on November 26, 1996; in fact a warrant for her arrest was not issued until December 4, 1996. The Miranda safeguards do not come into effect until a person is in police custody and is "subjected to either express questioning or its functional equivalent." Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), see also Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (defining custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way"). Without evidence indicating that Neal was in police custody on November 26, 1996, her claim necessarily fails.
 
 
 8
 Finally, Neal asserts that the witnesses who testified against her at trial did so in hopes of gaining sentence reductions or total immunity from the government. We construe this statement to mean either that the government improperly procured these witnesses' testimony or that the witnesses testified untruthfully. Addressing the former argument, we note that the government is permitted to recommend sentence reductions for individuals who have "provided substantial assistance in the investigation or prosecution of another person." See United States v. Senn, 102 F.3d 327, 328-29 (7 th Cir.1996); U.S.S.G. § 5K1.1. "Substantial assistance" may come in the form of testimony given at the trial of a co-conspirator. See § 5K1.1(a)(2). As for the latter argument--that the government's inducements disposed the witnesses to testify untruthfully--we note that Neal had an opportunity at trial to cross-examine each witness regarding the issue of leniency in return for testimony. Notwithstanding cross-examination testimony to this effect, the jury chose to believe the government's witnesses. We will not disturb these credibility determinations on appeal.
 
 
 9
 Because we conclude there are no non-frivolous issues for appeal, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)